UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, et al.,

                Plaintiffs,  **ORDER**
                  CV 11-3862 (ADS)(ARL)

    -against-

HISHAM ELZANATY, et al.,

                Defendants.
-------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court is non-party NICB's motion to quash a subpoena issued to it by the Elzanaty defendants. The subpoena seeks the production of any documents including investigative reports, requests for information and bulletins that reference the defendants. NICB objects to the subpoena on the grounds that (1) the subpoena is overly broad and burdensome; (2) the materials sought are protected by the law enforcement privilege; and (3) the materials are subject to the work-product privilege.

      The subpoena in question calls for the production of any and all documents referencing any of the defendants without limits as to dates or subject matter. The defendants contend that the information sought is relevant to their Statute of Limitations defense and could shed light on when Allstate learned of the alleged fraud. The defendants' argument, however, falls short in as much as the subpoena is not in any way limited in scope and fails to even reference Allstate. The defendants attempt to justify this broad request by arguing that because another NICB member claimed to have been the victim of a similar fraud by the defendants that information may have been shared with Allstate putting Allstate on notice they too might be victims. This thin and unsupported assertion does not justify imposing the costs and burden of production on a non-party. Moreover, to the extent the defendants seek communications between the NICB and Allstate they have failed to address the question of why this burden should be imposed on a non-party when presumably the very same materials could be sought from Allstate. Accordingly NICB's motion is granted on the basis that it overly broad and unduly burdensome.

      The NICB contentions that if it complies with any subpoena it could compromise an ongoing criminal investigation of the defendants and that any such materials are protected by work product will be addressed should the request be renewed. However, NICB will be required to provide additional legal support for its assertion that it has standing to assert the law enforcement privilege, to make a threshold showing that a specific harm is likely to accrue from the disclosure, and to provide additional information to enable the court to determine whether the documents at issue were, in fact, prepared in anticipation of litigation.

Dated: Central Islip, New York        **SO ORDERED:**
       September 4, 2012

                                                          _____/s/_____
                                                          ARLENE ROSARIO LINDSAY
                                                          United States Magistrate Judge