UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ALLSTATE INSURANCE COMPANY, et al.,

                                 Plaintiffs,                               **ORDER**
                                                                                        CV 11-3862 (ADS)(ARL)

    -against-

HISHAM ELZANATY, et al.,

                                 Defendants.
-------------------------------------------------------------------X
**LINDSAY, Magistrate Judge:**

      Before the court is the November 23, 2012, letter application of the Uptown defendants seeking to quash three subpoenas served on J.P. Morgan Chase, N.A. for the personal accounts of the defendant Hisham Elzanaty ("Elzanaty') and his wife and for their home equity line of credit.[1] The defendants contend that the documents are irrelevant and are unlikely to lead to relevant evidence. The plaintiffs oppose the application by letter dated November 28, 2012. For the reasons set forth below, the motion is denied.

      By way of background, the plaintiffs commenced this action on August 11, 2011, alleging that Elzanaty, along with other individuals, conspired to abuse New York's No-Fault Insurance regime, N.Y. Ins. Law § 5101, in order to obtain payment for medical services and diagnostic tests that were not medically necessary or were never performed. The plaintiffs aver that in order to accomplish the goal of defrauding the plaintiffs, Elzanaty conspired with a licensed medical doctor, Jadwiga Pawlowski, the straw owner of four professional service corporations that billed the plaintiffs for medical services. The plaintiffs further aver that Elzanaty increased his capacity to defraud the plaintiffs by establishing three medical facilities and forming Uptown Health Care Management, Inc. ("Uptown"), the nerve center for his scheme, which enabled him to siphon the proceeds from the Pawlowski P.C.s. The plaintiffs seek, among other things, money damages for violations of the Federal Racketeer Influenced and Corrupt Organizations ("RICO") Act.

      A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). A matter is relevant if it encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351(1978). However, a court must quash a subpoena issued pursuant to Rule 45(c) if it subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(iv). Elzanaty claims that the subpoenas are burdensome to him because they seek his personal financial information. He further contends that since "there is no relationship between [his] personal finances and the Plaintiff's claims," the plaintiffs' desire to

---

[1] The defendants' letter application also refers to four other subpoenas. The defendants indicate that they do not object to the J. P. Morgan Chase subpoena issued for the bank records of the Jerome Family and, while they discuss the subpoenas served on Citibank and Toronto Dominion Bank, they do not seek relief with respect to those subpoenas.

"follow the money" does not outweigh his privacy interests. In support of his contention, Elzanaty relies on a District of Columbia case in which the district court granted the defendant's motion for a protective order finding that while the plaintiff's claim did allege that the defendant diverted money from a management company for his own personal use, the claim did not implicate the role of the defendant's personal bank accounts. *Peskoff v. Faber,* 230 F.R.D. 25, 28 (D.D.C. 2005). Unlike the claims in *Peskoff,* here, the plaintiffs have proffered that the accounts at issue were not only depositories for monies from the alleged RICO corporations, but may also have been used by Elzanaty to move money back into those corporations. Accordingly, far from being a fishing expedition, the plaintiffs have reason to believe that the accounts at issue may be integrally connected to the alleged conspiracy, and thus, the motion is denied. However, because the information is of a private nature, the court restricts the use of the records outside the scope of this litigation.

The plaintiffs have indicated in their opposition papers that they are still waiting for the defendants to provide them with a proposed confidentiality order to allow their forensic accountant to view Elzanaty's tax records. On or before December 12, 2012, the defendants are directed to provide the plaintiffs with a proposed agreement.

Dated: Central Islip, New York
December 4, 2012

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge