UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x   11- CV-3862 (ADS) (ARL)

ALLSTATE INSURANCE COMPANY, ALLSTATE
INDEMNITY COMPANY, and ALLSTATE PROPERTY
& CASUALTY INSURANCE COMPANY,

                    Plaintiffs,

                                         MEMORANDUM AND ORDER

            -against-

HISHAM ELZANATY, HISHAM AHMED EL-SHERBINY,
ALAN GOLDENBERG, CAN MEDICAL, P.C., UPTOWN
HEALTH CARE MANAGEMENT, INC. d/b/a EAST
TREMONT MEDICAL CENTER, NEW YORK NEURO &
*REHAB CENTER*, and JEROME FAMILY HEALTH CENTER,
and ALL STAR HEALTH CARE MANAGEMENT, INC.,

                    Defendants.

-----------------------------------------------------------------------x

**APPREARANCES:**

**THE LAW OFFICES OF ROBERT P. MACCHIA & ASSOCIATES**
*Attorneys for the Plaintiffs*
98 Front Street
Mineola, New York 11501
        By:    Robert Phillip Macchia, Esq.
                  Mehmet F. Gokce, Esq., Of Counsel

**SMITH & BRINK, P.C.**
*Attorneys for Plaintiffs*
1325 Franklin Avenue, Suite 320
Garden City, NY 11530
        By:    Michael W. Whitcher, Esq.
                  Nathan A. Tilden, Esq.
                  Richard D. King, Esq., Of Counsel

**CADWALADER WICKERSHAM & TAFT LLP**
*Attorneys for Plaintiffs*
1 World Financial Center
New York, NY 10281
        By:    William J. Natbony, Esq., Of Counsel

1

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAY 16 2013   ★

LONG ISLAND OFFICE

**BLODNICK FAZIO & ASSOCIATES, P.C.**
*Attorneys for-Defendants Hisham Elzanaty,*
*Hisham Ahmed El-Sherbiny, Alan Goldenberg, and*
*Uptown Health Care Management, Inc. (the "Uptown Defendants").*
1325 Franklin Avenue, Suite 555
Garden City, NY 11530
      By:   Edward K. Blodnick, Esq.
             Thomas R. Fazio, Esq.
             Steven R. Talan, Esq., Of Counsel

**SPATT, District Judge.**

       Defendants - Uptown Healthcare Management Inc. ("Uptown"), Hisham Elzanaty, Alan

Goldenberg and Hisham Ahmed El-Sherbiny (collectively, the "Uptown Defendants") - have

moved for an order certifying an interlocutory appeal to the Second Circuit pursuant to 28 U.S.C.

§ 1292(b) from the Court's January 7, 2013 Memorandum and Order (the "Order") denying their

motion to dismiss and/or abstain pursuant to Rules 12(c) and 12(b)(1) of the Federal Rules of

Civil Procedure. The Uptown Defendants assert that the novel question of first impression of

whether the New York State Department of Health's issuance of a license to and continued

oversight of a healthcare provider, pursuant to Article 28 of the New York State Public Health

Law and the rules and regulations promulgated thereto, preclude an insurer from challenging the

eligibility of such healthcare provider to receive no-fault reimbursement under Section

5102(a)(1) of the New York State Insurance Law by asserting, pursuant to 11 N.Y.C.R.R. § 65-

3.16(a)(12), that said healthcare provider fails to meet any applicable New York State or local

licensing requirement. For the reasons set forth below, the Uptown Defendants' unopposed

motion is granted and the Uptown Defendants may petition the Second Circuit within ten days

hereof for permission to commence an appeal.

2

## The Parties

The plaintiffs in this action, Allstate Insurance Company, Allstate Indemnity Company, and Allstate Property & Casualty Insurance Company (collectively "Allstate") are the issuers of policies of automobile insurance in New York State and have brought the instant action under the federal RICO laws and state common law seeking to recover payments made to certain defendants pursuant to New York State's No-Fault laws. In general terms, Allstate claims that the defendants were ineligible to receive such payments because they were operated and/or maintained in violation of the provisions of their license. Allstate relies upon 11 N.Y.C.R.R. 65-3.16(a)(12) which provides that:

> A provider of health care services is not eligible for reimbursement under section 5102(a)(1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement necessary to perform such service in New York or meet any applicable licensing requirement necessary to perform such service in any other state in which such service is performed.

Allstate further seeks declaratory judgment that Uptown's activities "were and continue to be unlawful" and that "by dint of its illegal and fraudulent activity, Uptown/the Article 28 Entities have no right to receive" payment for the medical services that it rendered to Allstate's insureds.

Defendant Uptown is a diagnostic and treatment center including an ambulatory surgical center licensed by the New York State Department of Health pursuant to Article 28 of the New York Public Health Law. Uptown asserts that, because of the extensive review process surrounding its initial licensing and because it is subject to continuous review and oversight from the New York State Department of Health, it is, as a matter of law, in compliance with the applicable licensing requirements and eligible to receive no-fault reimbursement. Uptown further points to the fact that it went through, among other oversight and review processes, recertification surveys conducted by the New York State Department of Health and re-

3

accreditation inspections during the time frame that Allstate asserts it was operating in violation of licensing requirements.

## Background

On January 7, 2013, this Court denied the Uptown Defendants' motion to abstain and/or dismiss. Familiarity with this Order is presumed. On February 8, 2013, the Uptown Defendants commenced the instant motion seeking certification of an immediate interlocutory appeal of the Order pursuant to 28 U.S.C. 1292(b) for the certification of the question to the New York State Court of Appeals.

Allstate advised the Court that it would not oppose the Uptown Defendants' application to this Court. The parties have entered into an Agreement (the "Agreement") regarding the procedure relative to the certification of the interlocutory appeal-- which this Court has so-ordered and has incorporated into its Order. The parties appeared for a conference before this Court on April 1, 2013. Specifically, the parties have agreed upon the following question to be presented to the Second Circuit for certification to the New York State Court of Appeals or, in the alternative, to be decided by the Second Circuit:

> Whether the New York State Department of Health's issuance of a license to and continued oversight of a healthcare provider, pursuant to Article 28 of the New York State Public Health Law and the rules and regulations promulgated thereto, preclude an insurer from challenging the eligibility of such healthcare provider to receive no-fault reimbursement under Section 5102(a)(1) of the New York State Insurance Law by asserting, pursuant to 11 N.Y.C.R.R. § 65-3.16(a)(12), that said healthcare provider fails to meet any applicable New York State or local licensing requirement?

## Discussion

I. The Standard For Certification Under § 1292(b)

4

Section 1292(b) provides that a district court may certify an interlocutory order for appeal if it is of the opinion that (1) the order "involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation". 28 U.S.C. § 1292(b).  In considering a request for certification, the district court must carefully assess whether each of the three conditions for certification is met.  See Primavera Familienstifung v. Askin, 139 F.Supp.2d 567 (S.D.N.Y. May 07, 2001) citing German v. Federal Home Loan Mortgage Corp., 896 F.Supp. 1385, 1398 (S.D.N.Y.1995); Gottesman v. General Motors Corp., 268 F.2d 194, 196 (2d Cir.1959) (certification to be "strictly limited to the precise conditions stated in the law"). The determination of whether Section 1292(b) certification is appropriate under the above standards is in the discretion of the district court. See Primavera, supra; Allstate Ins. Co. v. Valley Physical Medicine & Rehabilitation, P.C., Not Reported in F.Supp.2d, 2008 WL 4856103 (E.D.N.Y. 2008); Ferraro v. Secretary of U.S. Dept. of Health & Human Servs., 780 F.Supp. 978, 979 (E.D.N.Y.1992); 16 Charles A. Wright et al., Federal Practice and Procedure § 3929 (1977 & Supp.1996).

Interlocutory appeals under Section 1292(b) are an exception to the general policy against piecemeal appellate review embodied in the final judgment rule. "Since the statute was enacted in 1958, the Second Circuit has repeatedly emphasized that a district court is to 'exercise great care in making a § 1292(b) certification.' Primavera, supra, citing Westwood Pharmaceuticals, Inc. v. National Fuel Gas Dist. Corp., 964 F.2d 85, 89 (2d Cir.1992); see also Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 25 (2d Cir.1990). Certification is only warranted in "exceptional cases," where early appellate review "might avoid protracted and expensive litigation." Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F.Supp. 170, 172

5

(S.D.N.Y.1987); *see also* German, 896 F.Supp. at 1398. Section 1292(b) was not intended "to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation" Telectronics, 690 F.Supp. at 172, or to be a "vehicle to provide early review of difficult rulings in hard cases." German, 896 F.Supp. at 1398; *see also* Abortion Rights Mobilization, Inc. v. Regan, 552 F.Supp. 364, 366 (S.D.N.Y.1982); McCann v. Communications Design Corp., 775 F.Supp. 1506, 1534 (D.Conn.1991).

The institutional efficiency of the federal court system is among the chief concerns underlying Section 1292(b). *See* Forsyth v. Kleindienst, 599 F.2d 1203 (3d Cir.1979). The efficiency of both the district court and the appellate court are to be considered, and the benefit to the district court of avoiding unnecessary trial must be weighed against the inefficiency of having the Court of Appeals hear multiple appeals in the same case. *See* Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir.1991); *see generally* 16 Charles A. Wright et al., 16 *Federal Practice and Procedure* § 3930 (2d ed.1996).

II.     The Existence of a Controlling Question of Law

In determining whether a controlling question of law exists the district court should consider whether reversal of the district court's opinion could result in dismissal of the action; reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or the certified issue has precedential value for a large number of cases. *See* Klinghoffer, 921 F.2d at 24-25; In re Oxford Health Plans, Inc., 182 F.R.D. 51, 54-55 (S.D.N.Y.1998).

Here, both factors are present which make clear the existence of a controlling issue of law and justify an interlocutory appeal. A reversal of this Court's opinion would substantially alter the landscape of the present suit and avoid extensive and expensive discovery, motion practice

6

and trial practice where the question of law is both novel and of first impression, controlling and discrete. Further, this Court understands that there are similar issues in cases before other Courts in this District, *e.g.* GEICO et. al., v. Uptown Health Care Management, Inc. et. al., 11 CV 1453 (FB) (RLM), and an appeal pending between the same parties here has been noticed in the New York State Supreme Court, Appellate Division, First Department.

This Court recognizes that the parties have distilled the matter down to a pure question of law which is suitable for the Second Circuit to certify as a question to the New York State Court of Appeals, or if it so determines, decide itself. The answer to this question will result in a dispositive answer which will both advance the termination of the instant litigation and avoid the potential of conflicting decisions within this District and between the State and Federal Courts . Moreover, finality on this important issue will impact the vast majority and the most significant claims in this case.

III.     The Interlocutory Appeal will Advance the Ultimate Termination of the Litigation

Immediate appeal may be considered to advance the ultimate termination of the litigation if "'appeal promises to advance the time for trial or to shorten the time required for trial.'" In re Oxford, 182 F.R.D. at 53 ( quoting 16 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 3930 at 432 (2d ed.1996)). However, the advancement must be "material [ ]," 28 U.S.C. § 1292(b); see In re Duplan, 591 F.2d at 148 n. 11 ("'The critical requirement is that [an interlocutory appeal] have the potential for substantially accelerating the disposition of the litigation.'") ( quoting 9 James Wm. Moore et al., Moore's Federal Practice, ¶ 110.22[2] at 260 (1975)).

Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of

the litigation, in practice the two questions are closely connected. *See* The Duplan Corp. v. Slaner, 591 F.2d 139, 148 n. 11 (2d Cir.1978); Public Interest Research Group of New Jersey, Inc. v. Hercules, Inc., 830 F.Supp. 1549, 1557 (D.N.J.1993); *571 16 Charles A. Wright et al., Federal Practice and Procedure § 3930 (2d ed.1996).

The requirement that certification would materially advance the ultimate termination of the litigation has been "strictly construed to preclude appeals that have no clear potential to materially advance the litigation's termination." In re 105 E. Second St. Assocs., 1997 U.S. Dist. LEXIS 8019, at *5–6 (S.D.N.Y. June 7, 1997). "Courts place particular emphasis on the importance of this last factor." In re Enron Corp., 2006 U.S. Dist. LEXIS 63223, at *19 (S.D.N.Y. Sept. 5, 2006).

The matter at hand largely concerns a novel and distinct question arising under New York State Law unaddressed by by any state or federal trial or appellate authority. While in the Order this Court found that this question was not sufficient to justify abstention, it noted the issue was "novel" and that "there exists a precise mechanism for determining in the federal litigation how the high court of the State of New York would decide a novel issue of state law; the circuit court may certify the issue to the State Court of Appeals." Schepp, 616 F.Supp.2d at 346 (citing N.Y. Const., Art. VI, § 3(9) (requiring the State Court of Appeals to allow court of appeals of the United States to certify novel issues of state law); *see also* Lehman Bros. v. Schein, 416 U.S. 386, 390–391, 94 S.Ct. 1741, 40 L.Ed.2d 215 (1974) (while certification "where there is doubt as to local law" is not obligatory, "[i]t does, of course, in the long run save time, energy, and resources and helps build a cooperative judicial federalism"); Arizonans for Official English v. Arizona, 520 U.S. 43, 76, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ( "Certification procedure, in contrast [to abstention], allows a federal court faced with a novel state-law question to put the

8

question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response.")." The Court finds that this novel issue should be so reviewed.

Indeed, if, in advance of lengthy discovery, expected motions for summary judgment and a potentially lengthy trial as to issues of fact, the certified question was answered in the affirmative, the scope of Plaintiffs' claims would be significantly narrowed. Finality will also aid in the litigation and resolution of other similar cases.

III. There is Substantial Ground for a Difference Of Opinion

The remaining prong of § 1292(b) provides that there must lie a "substantial ground for a difference of opinion [that] must arise out of a genuine doubt as to whether the court applied the correct legal standard." Blid v. Konig, 2011 WL 4007895, at *1-3 (E.D.N.Y. Sept. 8, 2011), (citing Baumgarten v. Cnty. of Suffolk, 2010 U.S. Dist. LEXIS 111083, at *3 (E.D.N.Y. Oct. 15, 2010)). The Uptown Defendants assert that this Court's decision analyzed the scope of the Insurance regulation in question and the progeny of Mallela, supra, but that there remains a strong possibility that the New York Court of Appeals would look beyond Mallela to the statutory scheme envisioned by the Legislature in enacting Article 28 of the Public Health Law. Conversely, Plaintiffs assert that the Court's analysis extending the holding of Mallela is correct and that this Court properly applied the Mallela decision.

The Court finds that there is sufficient basis for a difference of opinion as to the answer to the proposed certified question so as to justify and warrant the certification of the issue to the Second Circuit for the extraordinary remedy of an interlocutory appeal. The Court believes that it will be of significant value for the parties here, and others similarly situated, to have a dispositive answer to this question from the New York State Court of Appeals.

9

Accordingly, for the reasons set forth herein and for the reasons stated by the parties on the record before this Court on April 1, 2013, this litigation is stayed pursuant to the terms outlined in the Agreement. In addition, this Decision and Order shall incorporate all additional terms of the Agreement. Finally, for the reasons set forth above and pursuant to 28 U.S.C. 1292(b), the Court grants the Uptown Defendants' unopposed request to certify an interlocutory appeal of the Order dated January 4, 2013 (filed with the Clerk of the Court on January 7, 2013 at Dkt. #225) and the Uptown Defendants may petition the Second Circuit within ten days hereof for permission to commence an appeal.

**SO ORDERED**

Dated:      Central Islip, New York
           MAY 16 , 2013

/s/ Arthur D. Spatt

ARTHUR D. SPATT
United States District Judge

10